**Reuben G. LENSKE, Appellant,**

**v.**

**F. M. SERCOMBE, Clerk of the Supreme Court of the State of Oregon et al., Appellees.**

**No. 21979.**

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1968.

Rehearing Denied Oct. 18, 1968.

See also D.C., 266 F.Supp. 609.

Reuben G. Lenske (argued), pro se.

Curtis W. Cutsforth (argued), Thomas H. Tongue, Portland, Or., for appellee.

Before MERRILL and JERTBERG, Circuit Judges, and FOLEY, District Judge*.

MERRILL, Circuit Judge:

The Oregon Supreme Court has adjudged appellant in contempt of court for practicing law while under court order of suspension of his right to practice. State ex rel. Oregon State Bar v. Lenske, 243 Or. 477, 405 P.2d 510, 407 P.2d 250 (1965), cert. denied, 384 U.S. 943, 86 S.Ct. 1460, 16 L.Ed.2d 541 (1966). Claiming violation of his civil rights appellant has brought this suit under 42 U.S.C. § 1983 [1] and 28 U.S.C. § 1343.

---

\* Honorable Roger D. Foley, United States District Judge, District of Nevada, sitting by designation.

1. "Every person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

He seeks injunction against enforcement of the contempt order[2] and has named as defendants the members of the Oregon Supreme Court and the Board of Governors of the Oregon State Bar. Summary judgment was rendered in favor of the defendants and this appeal followed.

■ The members of the State Bar Board of Governors are not proper parties. Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); Hackin v. Lockwood, 361 F.2d 499 (9th Cir.), cert. denied, 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966). Upon this basis judgment is affirmed as to those appellees.

Oregon contends that 28 U.S.C. § 2283[3] precludes the granting of injunctive relief. We agree.

■ Whether 42 U.S.C. § 1983 constitutes an exception to 28 U.S.C. § 2283 is a question that has had the attention of the courts of appeals[4] but upon which the Supreme Court has not yet spoken. However, if an exception is created it is clear that orderly state proceedings are not to be disrupted save under extraordinary circumstances where irreparable injury is threatened to federally created rights. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); see also Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

We do not find such circumstances here. There is no suggestion of bad faith in the state action taken. Habeas corpus remains available should imprisonment result.

Judgment affirmed.

be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,"

2. Appellant also sought to have the order of suspension set aside. The Oregon Supreme Court has since ordered his reinstatement, rendering his claims moot as to this relief.

3. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

4. Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), cert. denied sub nom. Chase v. McCain, 381 U.S. 939, 85 S.Ct. 1772, 14 L.Ed.2d 702 (1965); Moss v. Hornig, 314 F.2d 89 (2d Cir. 1963); Goss v. State of Illinois, 312 F.2d 257 (7th Cir. 1963); Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956); Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950).