**Dennis Walker POTTS, for himself and all other persons similarly situated, Plaintiffs,**

v.

**The HONORABLE JUSTICES OF the SUPREME COURT OF HAWAII, William S. Richardson, et al., Individually and in their capacities as Justices of the Supreme Court of Hawaii, Defendants.**

Civ. No. 71–3403.

United States District Court,
D. Hawaii.

Oct. 20, 1971.

Steven Kroll, Honolulu, Hawaii, for plaintiffs.

Hiromu Suzawa, Acting Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

Before CHOY, Circuit Judge, PENCE, Chief Judge, and TAVARES, District Judge.

## DECISION

PER CURIAM.

Plaintiff Potts, a citizen of the United States, was neither a qualified and registered voter in the State of Hawaii nor had he "physically. resided in Hawaii continuously for a period of six months after attaining the age of 15 years" prior to September 13, 1971, when the Hawaii bar examination was scheduled to be given to those seeking to be licensed to practice law in the State of Hawaii. Nevertheless, over 60 days before that date he filed application to take the examination. There was no question that he met all prerequisites for eligibility to take the examination,[1] except the residence qualification set

---

1. Requirements as set forth in Rules 15(a) and (b) of the Supreme Court of the State of Hawaii for admission to the bar:

"RULE 15. ADMISSION TO THE BAR

"(a) *Applications.* Every applicant for admission to the bar shall file with the clerk a verified typewritten application in duplicate, setting forth his name and age, that he is a citizen of the United States of America and bears no allegiance or fidelity to any foreign state or sovereign, his last place of residence, the character and term of his study, from what institution of law he has been graduated and with what de-

forth in 7 H.R.S. § 605–1 [2] or Rule 15(c) of the Rules of the Supreme Court of the State of Hawaii.[3] The Supreme Court of Hawaii refused him permission to take the examination, without stating any reason therefor.[4]

Plaintiff, thereafter, on August 10, 1971, brought this class action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against the Justices of the Supreme Court of the State of Hawaii. The Attorney General of Hawaii has agreed to the joinder of the State itself as a proper party defendant because of the implication of 7 H.R.S. § 605–1, as well as because the rules of the Supreme Court

gree. He shall state the names of all courts to which he has made applications to practice, the dates he has taken examinations and the dates he has been admitted to practice. He shall state whether he has been the subject of any investigation or proceeding for professional misconduct or whether he has ever been rejected upon an application to practice before any court. The application shall be accompanied by the recommendation of at least two attorneys of this court and by such other relevant documents or information as may be called for by the court or by the board of examiners. The recommendations shall set forth the length of time, when, and under what circumstances they have known the applicant, and their appraisal of the applicant's moral character. Prior to any examination, unless otherwise ordered, the court shall be satisfied of the good moral character of the applicant. Unless otherwise ordered, applications shall be filed at least 60 days prior to the date of examination. The statements contained therein shall be investigated by the board of examiners, who shall report the results of their investigation to the court, together with their recommendations thereon.

"(b) *Educational Requirements.* No applicant who is not a graduate of a law school approved by the Council of the American Bar Association on Legal Education and Admissions to the Bar, shall be admitted to practice in this court; provided that an attorney admitted to practice before the highest court of one or more states, territories or the District of Columbia, who is not a graduate of a law school so approved but who has actively practiced law in such states, territories or the District of Columbia for 5 of the 6 years immediately prior to his application, shall be eligible for examination and admission. Service as a judge of a court of record shall be considered the equivalent of active practice of law within the meaning of these rules. Any attorney, whether an American citizen or not, may be permitted to associate himself with a member or members of the local bar in the presentation of a specific case at the discretion of the presiding judge or judges."

2. "§ 605–1 *Attorneys; qualifications.* The supreme court may examine, admit and reinstate as practitioners in the courts of record such persons of good moral character who are citizens of the United States, and have taken the prescribed oath of office, as it may find qualified for that purpose. No person shall be examined, admitted or reinstated unless he is qualified to vote in the State and has actually registered as such voter. * * *"

Qualifications for voting, Hawaii Const., Art. II, §§ 1, 2:

"QUALIFICATIONS

"SECTION 1. Every citizen of the United States, who shall have attained the age of twenty years, have been a resident of this State not less than one year next preceding the election and be a voter registered in accordance with law, shall be qualified to vote in any state or local election.

Amended 1968.

"DISQUALIFICATIONS

"SECTION 2. No person who is non compos mentis shall be qualified to vote. No person convicted of a felony shall be qualified to vote except upon his final discharge or earlier as provided by law. Amended 1968."

3. "(c) *Residence Requirement.* No person shall be examined or admitted unless he has physically resided in Hawaii continuously for a period of six months after attaining the age of 15 years." (As amended February 17, 1970)

Before amendment this rule read as follows:

"(c) *Citizenship and Residence Requirements.* No person shall be examined, admitted or reinstated unless he is qualified to vote in the State of Hawaii and shall have actually registered as such voter."

4. Inferentially, of course, the refusal was because he failed to meet the residence qualification of Rule 15(c).

here involved have the force and effect of law.[5] The complaint asks for a declaratory judgment that both the statute and rule are unconstitutional, and for an injunction against enforcement of the rule and statute as to plaintiff and all persons both now and hereafter in a class with him. The district judge granted a temporary restraining order enabling plaintiff to take the Fall 1971 examination. Although notification of the class action was duly issued, no other member of the class applied for leave to take that examination.[6]

After answer by the defendants and a hearing, a three-judge federal district court was convened under 28 U.S.C. § 2281, because the prayer sought injunctive relief against a state statute and an order made by an administrative board or commission acting under a state statute on the ground of their unconstitutionality.[7] The case has been fully briefed and argued.

*Jurisdiction*

■ Defendants urge that this court is without jurisdiction to hear the case. Defendants' position is that under Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), a federal district court may not sit in judgment on any state court orders relating to the admission, discipline and disbarment of members of its bar, and that such orders may be reviewed only by the Supreme Court of the United States on certiorari to the state court.[8] The same argument was presented to other three-judge courts, viz., Keenan v. Bd. of Law Examiners, 317 F.Supp. 1350 (E.D.N.C.1970); Webster v. Wofford, 321 F.Supp. 1259 (N.D.Ga.1970); Law Students Civil Rights Research Council, Inc. v. Wadmond, 299 F.Supp. 117 (S.D.N.Y.1969), aff'd 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749; and Lipman v. Van Zant, 329 F.Supp. 391, decided August 5, 1971 (D.C.N.Miss.). Each of those courts held that while *Theard* controls when questions of bar disciplinary proceedings not involving constitutional questions are concerned, it does not foreclose a three-judge district court from taking jurisdiction over a challenge on constitutional grounds to state bar admission requirements, whether prescribed state statute, or by administrative or court rule.[9] We agree.

*Abstention*

■ Defendants also urge that even if this court has jurisdiction it should abstain from taking jurisdiction because

---

5. Rules, Hawaii Const., Art. V, § 6:
   "The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law."

6. Paul E. Maki filed a motion for leave to intervene after *Potts* filed his complaint. Maki had made no prior application to take the examination. His motion was denied.

7. "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the ap-

plication therefor is heard and determined by a district court of three judges under section 2284 of this title."

8. *E. g.,* Ginger v. Circuit Court for County of Wayne, 372 F.2d 621, 625 (6th Cir. 1967), cert. denied 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 998; Mackay v. Nesbett, 285 F.Supp. 498, 503 (D.Alaska 1968), aff'd 412 F.2d 846 (9th Cir. 1969); Lenske v. Sercombe, 266 F.Supp. 609 (D.Oregon 1967), aff'd 401 F.2d 520 (9th Cir. 1968); Clark v. Washington, 336 F. 2d 678, 680 (9th Cir. 1966); Gately v. Sutton, 310 F.2d 107 (10th Cir. 1962); Jones v. Hulse, 267 F.Supp. 37, 39 (E.D. Mo.1967), aff'd 391 F.2d 198, 202 (8th Cir. 1968); In re MacNeil, 266 F.2d 167, 172 (1st Cir. 1959); Saier v. State Bar of Michigan, 293 F.2d 756 (6th Cir. 1961).

9. *Cf.* Law Students Civil Rights Research Council, *supra,* 401 U.S. at 158, n. 9, 91 S.Ct. 720.

the "state bar admission requirements fashioned by the highest court of the State goes to the heart of the State court's business" and "an authoritative account of the considerations underlying * * * Rule 15(c) involves difficult questions of state policy and of fact within the specialized comprehension of the Hawaii Supreme Court * * *." [10]

This court finds that Rule 15(c) is uncomplicated and fundamentally unambiguous on its face. Beyond the bald assertion itself, no "difficult questions of state policy and of fact" have been disclosed to this court. Moreover, it is more than a little anomalous to require the plaintiff to ask the state court which promulgated the rule under attack to sit in judgment on the constitutionality of its own product.

As the Court said in Cohens v. Virginia, 19 U.S. 264, 404, 5 L.Ed. 257 (1821): "We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given." Here too, as in Keyishian v. Board of Regents, 385 U.S. 589, 601, n. 9, 87 S.Ct. 675, 682, 17 L.Ed.2d 629 (1967): "This is not a case where abstention pending state court interpretation would be appropriate * * *." We choose not to abstain.

*Equal Protection*

Hawaii, like many other states, has long had "citizenship" or residency prerequisites for admission to practice law.

Under the Kingdom's Civil Code of 1859, only "Hawaiian subjects" could be admitted to practice [11] and "foreigners"

could not become subjects until they "shall have resided within the Kingdom five years or more * * *." [12] This concept continued after annexation, a 1921 law making United States citizenship a requirement. [13]

All this was changed by the Hawaii legislature in 1937, which ordained that only those who had "been residents of the Territory for at least one year immediately preceding" the bar examination could be admitted to practice. [14] In an attempt to exclude "transient" members of the armed forces from being admitted to practice in Hawaii, the requirement that an applicant be "qualified to vote" was introduced in 1945. [15] In 1949, admission to practice law required that the bar applicant not only be qualified to vote in the Territory but also "actually register as such voter." [16] Thus the prerequisite remained until the Hawaii Supreme Court, on February 17, 1970, promulgated its Rule 15(c).

The basic question here is whether the Equal Protection Clause of the Fourteenth Amendment proscribes the application by the Hawaii Supreme Court of the residence qualification of its Rule 15(c) or of H.R.S. § 605–1 to an otherwise qualified applicant desiring to take the Hawaii bar examination.

While neither § 605–1 nor Rule 15(c) discriminates with respect to race, color or nationality, nevertheless both the statute and the rule obviously create two classes of applicants for the Hawaii bar. In one class are those otherwise qualified persons who under § 605–1 are registered voters (with not less than one

---

10. Defendants' Trial Memorandum, pp. 17–18.

11. C.C.1859, § 1065.

12. C.C.1859, § 429.

13. L.1921, c. 81 § 1.

14. L.1937, c. 173 § 1.

15. L.1945, c. 226 § 1; Org.Act, §§ 60, 63.
   At the oral argument counsel agreed that the court might take judicial notice of the fact (personally known to one member of this court) that bar examiners with the tacit approval of the

Supreme Court had so construed the 1945 amendment as to permit applicants without a full year's residence to take the bar examination subject to the condition that in the event they passed, their license would not be issued until the full year's residence had been achieved.

16. L.Sp.1949, c. 67 § 1. This change was redundant. *See* Organic Act, § 60, ¶ Fourth. It must be noted that "residence" for voting purposes is equivalent to domicile. Rule 15(c) does not so equate physical presence.

year's residence) or who under Rule 15(c) have been physically present in Hawaii for a continuous six-month period after reaching age 15. This class is entitled to take the bar examination. In the other class are otherwise equally qualified applicants who, solely because they are not registered voters or have not met the physically present requirement, cannot fit into the procrustean bed of either the law or the rule, and are thereby precluded from taking the bar examination.

■ Under traditional equal protection principles, a state retains broad discretion in many categories to classify persons. Any such classification, for any purpose, must have a reasonable basis.[17] Thus, if any state of facts reasonably can be conceived that would sustain a challenged classification, even though it were discriminatory, it would not be violative of the Equal Protection Clause of the Fourteenth Amendment.

In the case before us, just as in Truax v. Raich, 239 U.S. 33, 39–40, 36 S.Ct. 7, 10, 60 L.Ed. 131 (1915), "the discrimination defined [by the law or the rule] does not pertain to the regulation or distribution of the public domain, or of the common property or resources of the people of the State, the enjoyment of which may be limited to its citizens as against * * * citizens of other States."

This court, of course, recognizes that the State of Hawaii and its Supreme Court "have exclusive jurisdiction over the admission of attorneys, the regulation of the practice of law, and the discipline and disbarment of attorneys * * *." Ginger v. Circuit Court for County of Wayne, 372 F.2d 621, 625 (6th Cir. 1967). This court also is reluctant to interfere in matters so peculiarly state-oriented as are requirements to practice law in the state. Nevertheless, as pointed out by the United States Supreme Court in Schware v. Board of Examiners, 353 U.S. 233, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957), while "a State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, * * * any qualification must have a rational connection with the applicant's fitness or capacity to practice law" to comport with the Fourteenth Amendment. We have the jurisdiction and the obligation to ensure that this constitutional mandate is met.

In attempting to justify its residency qualifications, the defendants maintain, first, that the six months of continued presence "assure[s] that a person with some degree of maturity will be able to absorb, appreciate and understand the unique governmental structure, linguistics, and customs of Hawaii which, in turn, will tend to make him better able to relate to and serve his clients to the end that he may be more fit to practice law in Hawaii."[18]

Whatever else may be "unique" about Hawaii, there is nothing "unique" about its legal system and its laws. Both stem from the Anglo-American common law.[19]

---

17. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911); Allied Stores of Ohio v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed. 2d 480 (1959); McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

18. Defendants' Trial Memorandum, p. 31.

19. The transformation of the kingdom of Hawaii from a feudal society in which the King was the absolute lord and proprietor of the soil to a legally civilized nation was largely the work of two men, John Ricord, who received his legal training in New York, and William Little Lee, who attended Harvard Law School. Ricord, as Hawaii's first Attorney General, was responsible for the creation of a judiciary and the adoption of the common law as interpreted by Great Britain and the United States as the law of the kingdom. As the first Chief Justice, Lee guided the judiciary during the early days of constitutional government and authored the early penal and civil codes of the kingdom. 1 Kuykendall, The Hawaiian Kingdom 241–245 (1938).

Hawaiian terms are today largely limited to an interpretation of the kingdom's land laws and practices. Since there is no law school in Hawaii, all lawyers in Hawaii perforce graduate from mainland law schools. Thus an inference that an "understanding" of Hawaii's "uniqueness" has any valid relevance to an applicant's legal education or ability to be a sound lawyer here after admission is untenable. The "absorption" argument approaches the ludicrous since Rule 15(c) would permit one who was in Hawaii only between the age of 15 and 15½ to return sixty days before the scheduled examination and thereby be deemed to have qualified as having absorbed, appreciated and understood the "unique governmental structure * * * of Hawaii."

Of equal deficiency is defendants' second argument that at least six months residence at some time is necessary "to provide a minimal acclimatization period * * *."[20] Admittedly, an understanding of the "cultural derivations" of Hawaii's peoples, their "language patterns" and "philosophical outlook on life"[21] would be of value to any lawyer, but such understanding is hardly automatically acquired by any given period of residence here.

All parties agree that a state may properly fix a registration date prior to the examination in order that the Supreme Court may check and verify the personal and educational background as well as the morals and general character of the bar applicant. Hawaii has presently fixed this date as 60 days before the examination. Residency in Hawaii during this 60-day period is *not* required, even though this period is for the purpose, among others, of checking an applicant's qualifications. It does not follow, then, that mere residence in Hawaii for *any* six-month period after age 15 would supply to the Supreme Court the necessary facts for an "informed judgment as to the applicant's character."[22]

Lastly, defendants urge that one who is in residence here for at least six months is more likely to return to practice law in Hawaii. Not all successful bar applicants practice law after admission. Then too, many states (and United States District Courts)[23] distinguish between and regulate the respective practice privileges of "active" members of the bar, i. e., those attorneys who reside in and have an office in the state, and "inactive" members, i. e., those not so residing in and having an office therein. Such regulations are sufficient to achieve the desired objective of keeping attorneys at all times subject to the authority of the admitting court.

The periods of required residency in the statute and the rule here bear no valid relation to the educational and moral qualifications of bar applicants, and are thereby arbitrary and capricious and constitutionally impermissible. Both the act and the rule thus severally invidiously discriminate against an identifiable class, favoring registered voters or six-months residents over otherwise equally qualified applicants who have not the same residential status.

◼ We conclude, therefore, that the preexamination residential requirements imposed by both § 605–1 and Rule 15(c) upon United States citizens applying for leave to take Hawaii's bar examination contravene the Equal Protection Clause of the Fourteenth Amendment, and are thus invalid. By so holding, we need not consider plaintiff's contention that the residency requirements impermissibly penalize his constitutional right to interstate travel or any other constitutional right. Because the law and the rule each denies to Potts and the class he represents the equal protection of the laws, we declare the law as well as the rule to be unconstitutional and therefore void.

20. Defendants' Trial Memorandum, p. 32.

21. *Ibid.*

22. *Id.* at 33.

23. *Cf., e. g.,* Rule 1(c) (2) and (3), Rules of Civil Procedure for the United States District Court for the District of Hawaii.

Since Potts has taken the Fall 1971 bar examination, this court assumes that the Hawaii Supreme Court will hereafter treat him in the same fashion as other applicants who have likewise taken that examination. This court also assumes that, hereafter, any applicants who would be members of the class of bar applicants represented by Potts, will also be permitted to take the examinations, and if successful, be admitted to practice law in Hawaii.

This court, having full confidence that the defendants will comply with the law as we here have construed it, abstains from issuing any injunctive order to them.