Glenn F. YOUNGER, Plaintiff,

v.

The COLORADO STATE BOARD OF BAR EXAMINERS et al., Defendants.

Civ. A. No. 79–M–645.

United States District Court
D. Colorado.

Jan. 17, 1980.

Wiley Y. Daniel, Frederick P. Charleston, Gina B. Weitzenkorn, Denver, Colo., for plaintiff.

Howard Kenison, Asst. Atty. Gen., Litigation Section, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

Claiming under 42 U.S.C. § 1983, the plaintiff seeks to enjoin the application of Rule 214 of the Colorado Rules of Civil Procedure as an unconstitutional limitation on the opportunity to seek admission to the Bar. After an evidentiary hearing on a motion for a preliminary injunction, the parties agreed to submit the issues on that record without any additional pleadings or hearings.

Glenn F. Younger graduated from the University of Colorado School of Law in May 1976 and obtained employment with the Legal Aid Society of Metropolitan Denver as a law clerk. The plaintiff applied for admission to the Bar of Colorado and took the written examination required for class "C" applicants in July 1976. He failed that examination and took the February 1977 examination which he also failed. Pursuant to Rule 214, Mr. Younger sought and obtained permission from the Colorado Supreme Court to take the July 1977 examination. The plaintiff became ill during that examination and it was not scored. Because of that circumstance, Mr. Younger was given permission to take the February 1978 examination as a third time examinee. He again failed to obtain a passing score.

Pursuant to Rule 214, the plaintiff again petitioned the Supreme Court for an opportunity to take the July 1978 Bar Examination, and that petition was refused by the court, en banc. Subsequent petitions to sit for the February and July 1979 examinations were also denied by letters, each of which advised Mr. Younger that he could confer with Justice James K. Groves as to the reasons for those denials. The plaintiff has not met with Justice Groves, but the Justice testified as the Chairman of the Admissions Committee of the Colorado Supreme Court at the hearing on the motion for preliminary injunction. The other member of that Committee, Justice William H. Erickson, submitted his affidavit. Both

Justices consider the Colorado Bar Examination to be an accurate and fair test of an individual's competence to practice law.

Justice Groves explained that the Colorado Supreme Court has always granted an application for permission to take the examination a third time with the warning that it will be the last time. He said that the Court has rarely granted a fourth opportunity to take the examination. That has happened only when there has been a waiting period of two to three years following the previous examination, and when the applicant has had work and training in a law related field and when there have been recommendations from law professors on courses of study to obtain needed improvement in particular areas as indicated from the previous examination.

In 1978, the Legal Aid Society of Metropolitan Denver adopted a resolution that the employment of law clerks who had not passed the Bar examination would be terminated. Accordingly, the plaintiff's job is at risk.

The defendants have challenged jurisdiction in this action, asserting that under *Doe v. Pringle*, 550 F.2d 596 (10th Cir. 1976), the plaintiff's claims of deprivations of federally protected rights can be considered only by the United States Supreme Court because the denial of his application is a judicial act of the Colorado Supreme Court.

■ Mr. Younger's complaint challenges the validity of Rule 214 or any other limitation on the number of times an otherwise qualified applicant may attempt to pass the Colorado Bar Examination. The denial of his request for re-examination is the result of the application of that rule. Without the rule, there would be no reason for a determination of good cause. Accordingly, the plaintiff here is not seeking review of the judicial determination made as to his application; he is contesting the Court's administrative act in adopting a rule limiting the opportunity for re-examination. There is, therefore, jurisdiction to consider this constitutional claim under 28 U.S.C. §§ 1331 and 1343(3). Declaratory relief may be granted under 28 U.S.C. §§ 2201–2202.

■ Whether the issue is couched in terms of a denial of substantive due process or a denial of the equal protection guaranteed by the Fourteenth Amendment to the United States Constitution, the question presented is whether the defendants have shown a rational basis for limiting the number of times an applicant may take the Colorado Bar Examination. Under a due process analysis, the plaintiff must show that such a limitation is arbitrary and capricious.

A state can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law.

*Schware v. Board of Bar Examiners*, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957).

■ The equal protection claim calls for a comparison of those who have taken and failed the bar examination three times or more, with those applicants who have had fewer failures. Since that classification cannot be considered "suspect" or "invidious" and since the entry into law practice is not a "fundamental right", the traditional two-tiered equal protection analysis requires only the showing of a rational relationship between the limitation which disadvantages the plaintiff and a legitimate state objective. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).

It is unquestioned that the State of Colorado, acting through the Colorado Supreme Court, has a compelling interest in protecting the public from professional incompetence in lawyers. Both parties in this case agree that the written examination required for admission to the Bar of Colorado has been and is a valid measure of such competence.

While Rule 214 does not by its terms expressly limit the times an individual may take that examination, leaving that decision to the Supreme Court's discretion, it is an

uncontroverted assumption that at some point it operates to preclude re-examination. Thus, the defendants have correctly posed the pivotal question—"Whether a limitation on the number of bar examinations a person may take bears any rational connection to the state's interest in fit and capable practitioners?"

Both Justice Groves and Justice Erickson expressed the view that the repeated failure of the examination is an indication that the applicant is not competent. In Justice Groves' words, it demonstrates "[in]sufficient comprehension of legal theories and analysis to competently counsel and represent clients." In support of that view, the defendants have provided statistical evidence, showing that in the nine examinations given from February 1975 to February 1979, the pass rate for first time examinees has been 77%; that for second time examinees has been 61%; that for third time examinees has been 46%; and the pass rate for fourth time examinees has only been 20%, even though most of those persons have undergone additional legal training. No fifth time examinees have passed.

Colorado has had a limitation on re-examination for at least fifty-six years. Of the forty-three states as to which information has been available, thirty-two have such limitations. Eleven states have no such limitations.

■ The narrow question presented here is one of first impression. There is, indeed, ample support for the defendants' view that there is little likelihood that an applicant will succeed on re-examination after three or more failures. But, what is the legitimacy of the court's concern about the probabilities of passing? When the examination is a valid test of professional competence the number of times the test was taken before a passing score was achieved is irrelevant. Obviously, Colorado does not consider the lawyer who passed on the second or third examination to be less qualified than those who were successful the first time.

■ Plainly, the "comprehension of legal theories and analysis" is not an immutable characteristic. Additional legal study, exposure to law related work, or even individual changes in maturity and personal development may affect one's ability to comprehend and articulate legal principles. The Court has clearly recognized that by routinely permitting a third examination, and setting requirements for a fourth examination. Yet, the application of a rule which effectively places a final limitation on the number of examinations an individual may take appears to be based upon an assumption that a given individual will never become competent. That amounts to a prejudgment of the examination results. It could also be considered to create an irrebuttable presumption of incompetence of the type which has been found to be constitutionally infirm in several cases. *Cleveland Board of Education v. Lafleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Vlandis v. Kline*, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

■ There is no basis for faulting any standard requirements of additional study, training, or development prior to any re-examination. What is now declared unconstitutional is only the final preclusion of any opportunity for re-examination, regardless of such requirements. That aspect of Rule 214 cannot be considered to have a rational connection with the compelling interest in requiring a demonstration of professional competence by successful completion of a written examination before admission to the Bar.

Upon the foregoing, it is

ORDERED, that insofar as Rule 214 of the Colorado Rules of Civil Procedure limits the plaintiff or any other person from the opportunity to take the written examination for admission to the Bar of Colorado, that rule is declared to be in violation of the Fourteenth Amendment to the Constitution of the United States and the defendants are enjoined from applying it to deny that opportunity to Glenn F. Younger, and it is

FURTHER ORDERED that plaintiff shall have twenty days in which to file his claim for costs and attorneys fees.