Robert J. VERNER, a/k/a/ Robert John Verner, Plaintiff-Appellant,

v.

STATE OF COLORADO, Supreme Court of the State of Colorado, Board of Continuing Legal Education of the State of Colorado, Colorado State Board of Law Examiners, Paul V. Hodges, George Lohr, Jean Dubofsky, Luis D. Rovira, Joseph R. Quinn, Robert B. Lee, William H. Erickson, James R. Carrigan, Edward E. Pringle, Donald E. Kelley, Edward C. Day, James H. Klein, James E. Bye, Marvin Stone, Don Abram, Mark Fulford, Janet Roberts, Ted Manning, Thurston E. Manning, Cathryn Ables, James P. Holloway, and Any Other Unknown Parties, Defendants-Appellees.

No. 82–1342.

United States Court of Appeals, Tenth Circuit.

Sept. 21, 1983.

Robert John Verner, pro se.

Maurice G. Knaizer, Asst. Atty. Gen., Denver, Colo. (J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., and Joel W. Cantrick, Sol. Gen., Denver, Colo., with him on the brief), for defendants-appellees.

Before McWILLIAMS, McKAY, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Robert Verner, a Colorado attorney, was suspended from the practice of law for failure to comply with Colorado's mandatory continuing legal education (CLE) requirements. He appeals the district court's dismissal of his lawsuit against the State of Colorado, the state supreme court, various named agencies, and various named individuals who are members of the court and the agencies. We affirm.

Rule 260 of the Colorado Rules of Civil Procedure requires registered attorneys to complete forty-five units of CLE in three-year periods. Colo.R.Civ.P. 260.2(1). Failure to comply with the rule can lead to

suspension. Rule 260.6(10). Attorneys over the age of seventy-five may apply for an exemption based on good faith inability to comply. Rule 260.5.

Verner filed suit under 42 U.S.C. §§ 1983, 1985, 1994 (1976), seeking injunctive relief and over nine million dollars in damages from defendants. He claims, *inter alia,* that requiring lawyers to complete continuing legal education requirements violates: First Amendment rights of speech, assembly, and grievance; Fourteenth Amendment rights of due process and equal protection; the Eighth Amendment Prohibition against cruel and unusual punishment; and the Thirteenth Amendment prohibition against involuntary servitude.

 After a comprehensive analysis, the district judge granted defendants' motion to dismiss. *Verner v. Colorado,* 533 F.Supp. 1109 (D.Colo.1982). The court noted initially that actions seeking review of a state disciplinary order addressed to a particular attorney may only be brought by writ of certiorari to the United States Supreme Court. *Id.* at 1112; *see Phelps v. Kansas Supreme Court,* 662 F.2d 649, 651 (10th Cir.1981), *cert. denied,* 456 U.S. 944, 102 S.Ct. 2009, 72 L.Ed.2d 466 (1982); *Younger v. Colorado State Board of Law Examiners,* 625 F.2d 372, 375–76 (10th Cir.1980). Accordingly, the court correctly held that it "only has jurisdiction to consider plaintiff's challenges to the constitutionality of rule 260." 533 F.Supp. at 1112.

Having determined its jurisdiction, the trial court addressed the substantive issues presented. The court found that Verner's damage claims were barred by the Eleventh Amendment and by judicial and quasi-judicial immunities. It then considered Verner's claims for injunctive relief and found them without merit.

As the trial court noted, the basic issue presented is a novel one: whether a state supreme court may constitutionally require attorneys to meet continuing legal education requirements. Ample precedent exists supporting the authority to prescribe minimum levels of legal competency, measured by a bar examination, as a prerequisite to admission to a state bar. *E.g., Schware v. Board of Bar Examiners,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957); *Poats v. Givan,* 651 F.2d 495, 497 (7th Cir. 1981); *Tyler v. Vickery,* 517 F.2d 1089, 1101–02 (5th Cir.1975), *cert. denied,* 456 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976); *Chaney v. State Bar,* 386 F.2d 962, 964 (9th Cir.1967), *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968). *A fortiori,* a state can require an attorney to take reasonable steps to maintain a suitable level of competency, so long as such requirements have a "rational connection with the [attorney's] fitness or capacity to practice law." *Schware,* 353 U.S. at 239, *quoted in Younger,* 625 F.2d at 377. We cannot say that the CLE requirements in Colorado have no rational connection to a lawyer's suitability to practice law.

We have reviewed Verner's other contentions on appeal, and we are not persuaded that they have merit.

AFFIRMED.