PER CURIAM.
Victor D. Ines, a member of The Florida Bar (the Bar), appeals from the decision of the Board of Governors of The Florida Bar (the Board of Governors) denying him certification as a “Board Certified Marital and Family Lawyer” because he failed to achieve a passing score on the 1996 administration of the certification examination. We have jurisdiction. Art. V, § 15, Fla. Const. Based on the following, we affirm the Board of Governors’ decision.
Ines took and completed the 1995 administration of the marital and family law certification examination, but he failed to achieve a passing score. He took and completed the 1996 administration of the examination and again failed to achieve a passing score. Subsequently, he filed a petition to be considered by a grade review panel pursuant to Standing Policy 2.08(f) of the Board of Legal specialization and Education (BLSE policy), claiming that he had not received appropriate credit on four of his essay answers on the *780 1996 exam. The grade review panel convened on October 28, 1996, and issued its written decision on November 13, 1996. After reviewing Ines’ petition, his exam answers, the exam, the model answers, and the range finders, the panel increased his score on three essay answers but deemed all other grading to be correct. These changes did not increase Ines’ overall exam score enough to achieve a passing grade, however, and he therefore appealed the grade review panel’s decision to the Certification Plan Appeals Committee (the Appeals Committee) pursuant to BLSE policy 2.08(g).
On July 24, 1997, Ines’ appeal came before the Appeals Committee, which issued its decision six days later. After hearing oral argument and reviewing the parties’ filings, the Appeals Committee affirmed the grade review panel’s decision. As a result, Ines pursued an appeal with the Board of Governors pursuant to BLSE policy 4.10(a). On December 2, 1997, the Board of Governors affirmed the decision of the Appeals Committee. Ines now appeals the Board of Governors’ decision to this Court pursuant to Rule 6-3.9 of the Rules Regulating The Florida Bar and BLSE policy 4.11.
In his appeal before this Court, Ines argues that the entire marital and family law certification examination process is arbitrary, capricious, and violative of due process. He challenges the composition of the exam, the holistic grading method used to score the essay portion of the exam, the process used in reviewing the results of the exam, and the limitation on retaking the exam. We reject his challenges to the holistic grading method and the grade review process based on our recent decision in Florida Bar re Williams, No. 92,038 (Fla. Sept.17, 1998), in which we uphold the holistic grading method and the grade review process. We address his remaining claims below.
As to the composition of the marital and family law certification examination, Ines argues that the BLSE intends to “encourage failure and discourage success” because the essay portion of the exam is weighed equally with the multiple choice and short answer portion of the exam. Ines, however, offers no support to show how the format of the marital and family law certification examination encourages failure and discourages success other than stating that the essay questions are “subjective” and the multiple choice and short-answer questions are “less subjective.” In this sense, his argument is similar to that presented in In re Mead, 372 Mass. 253, 361 N.E.2d 403, 405 (1977), where an unsuccessful bar examinee contended that the exam was invalid because equal weight was given to the multiple choice and essay portions. See id. Noting that the bar exam-inee offered little more than his own opinions to support his claim, the Supreme judicial Court of Massachusetts stated, “We do not believe that any evidence could be offered which would establish that the equal weighing by the board of the two methods of examination constituted an abuse of the broad discretion of the board [of bar examiners].” Id. We similarly find that Ines has failed to show any error in the assignment of equal weight to the essay portion and the multiple choice and short answer portion of the marital and family law certification examination. See generally Tyler v. Vickery, 517 F.2d 1089, 1102-03 (5th Cir.1975); Chaney v. State Bar of California, 386 F.2d 962, 964 (9th Cir.1967); Hooban v. Board of Governors, 85 Wash.2d 774, 539 P.2d 686, 689 (1975); Thomas J. Goger, Annotation, Validity, Under Federal Constitution, of State Bar Examination Procedures, 30 A.L.R. Fed. 934 (1976).
We also reject Ines’ challenge to BLSE policy 2.08(c)(2), which provides, “An applicant who does not obtain a passing score on the exam after 2 consecutive attempts is ineligible to reapply for 2 consecutive years following the second failure.” We note that BLSE policy 2.08(c)(2) only limits, but does not absolutely bar, a lawyer from retaking a certification examination after two consecutive failures. The BLSE points out that the policy is based on two concerns: (1) that two consecutive failures indicate a need for further experience, study, and skill enhancement; and (2) that an applicant allowed to take the examination immediately after two consecutive failures would have an unfair advantage over other applicants because, pursuant to BLSE policy 2.08(e), he or she *781 would have had the opportunity to review the exam, the model answers, and his or her own answers after each previous failure. We agree with the BLSE and find that BLSE policy 2.08(c)(2) establishes a reasonable limitation on reexamination. Cf., e.g., Ga. R. Admiss. Prac., Pt. B, § 7 (1997) (placing no limit on the number of times an applicant may take the bar examination, but requiring an applicant who fails the exam three times to sit out the next available exam and engage in a course of study during that period of time); Jones v. Board, of Commissioners, 737 F.2d 996, 998-99 (11th Cir.1984) (finding Alabama rule prohibiting applicants from retaking bar examination after the fifth unsuccessful attempt was not violative of due process); Poats v. Givan, 651 F.2d 495, 497-99 (7th Cir.1981) (upholding Indiana rule prohibiting persons from taking the bar examination after four failures); Younger v. Colorado State Board of Law Examiners, 625 F.2d 372, 377-78 (10th Cir.1980) (rejecting due process and equal protection challenges to rule which limited the number of times a person could take the Colorado bar exam).
Accordingly, we affirm the decision of the Board of Governors.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.