Michael **KORGICH**, Plaintiff-Appellant,

v.

REGENTS OF the NEW MEXICO SCHOOL OF MINES, a body corporate, Defendant-Appellee.

No. 77–1932.

United States Court of Appeals, Tenth Circuit.

Submitted on Briefs May 4, 1978.

Decided Aug. 18, 1978.

Juan G. Burciaga of Ussery, Burciaga & Parrish, Albuquerque, N. M., for plaintiff-appellant.

Ranne B. Miller and Robert H. Clark of Keleher & McLeod, Albuquerque, N. M., for defendant-appellee.

Before PICKETT, McKAY and LOGAN, Circuit Judges.

PICKETT, Circuit Judge.

Michael Korgich, a nonresident student at the New Mexico School of Mines, brought this action in the United States District Court for the District of New Mexico, seeking damages from personal injuries alleged to have resulted from the negligence of the school's board of regents in the operation of the school. The district court, on its own motion, held that the action was, in effect, against the State of New Mexico, and that the Eleventh Amendment to the Constitution of the United States barred federal jurisdiction. An order was entered dismissing the complaint "without prejudice." This appeal is from that order.

■ At the outset, the question arises as to whether the order is a final order and appealable. Generally, only final decisions of the trial court are appealable. 28 U.S.C. § 1291. To prevent piecemeal appeals, this court has held in a number of cases that this type of order is not a final disposition of the case and is unappealable. *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033 (10th Cir. 1975); *Smith v. Serna*, 367 F.2d 324 (10th Cir. 1966); *Midwestern Developments, Inc. v. City of Tulsa, Oklahoma*, 319 F.2d 53 (10th Cir. 1963), cert. denied, 379 U.S. 989, 85 S.Ct. 702, 13 L.Ed.2d 610 (1965); *Crutcher v. Joyce*, 134 F.2d 809 (10th Cir. 1943). In those cases it was not disclosed that the orders finally disposed of the cases and that they were not subject to further proceedings and development. In the instant case, a determination that the Eleventh Amendment was applicable sounded the "death knell" of the litigation in federal court. It was a final decision under Section 1291 and appealable. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974);[1] *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976); *Weisman v. LeLandais*, 532 F.2d 308 (2d Cir. 1976); *Mark v. Groff*, 521 F.2d 1376 (9th Cir. 1975); *Ruby v. Secretary of United States Navy*, 365 F.2d 385 (9th Cir. 1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); *Manufacturers Cas. Ins. Co. v. Arapahoe Drilling Co.*, 267 F.2d 5 (10th Cir. 1959). We assume that the dismissal without prejudice was to preserve plaintiff's rights on the merits. This is the procedure we followed in *Hamilton Mfg. Co. v. Trustees of State Colleges in Colo.*, 356 F.2d 599 (10th Cir. 1966).

---

1. The "death knell" doctrine was recently discussed by the Supreme Court in *Coopers &* *Lybrand v. Livesay*, ___ U.S. ___, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

■ We conclude that the action was, in essence, one against the State of New Mexico and that the United States District Court was without jurisdiction.

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

This amendment bars actions against a state, its officers, agents and institutions, which are, in fact, part of the state function. The bar of the Eleventh Amendment is effective, even though the state is not named as a party, if the defendant is a state institution or agency and an arm of the state. *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Unified School Dist. No. 480 v. Epperson*, 551 F.2d 254 (10th Cir. 1977). In determining whether an action brought against a governmental institution is actually a suit against the state within the meaning of the Eleventh Amendment, state law is decisive. *Harris v. Tooele County School District*, 471 F.2d 218 (10th Cir. 1973); *Brennan v. University of Kansas*, 451 F.2d 1287 (10th Cir. 1971); *Williams v. Eaton*, 443 F.2d 422 (10th Cir. 1971); *Hamilton Mfg. Co. v. Trustees of State Colleges in Colo., supra.*

The New Mexico School of Mines is one of those institutions of higher learning created by the New Mexico Constitution, Article XII, Section 11. Section 11–4–2.1 of the New Mexico Statutes Annotated, 1953 Comp., defines state agency as follows:

State agency means any department, institution, board, bureau, commission, district or committee of government of the state of New Mexico and means every office or officer of any of the above.

The operation and management of the school is vested by statute in a board of regents which is a corporate body charged with the complete management of the school, with the right to sue and be sued. N.M.S.A., § 73–27–4, 1953 Comp. The school's budget is subject to the review and adjustment by the statutory board of educational finance and payable from the state treasury. N.M.S.A., § 73–29–15, 1953 Comp. The budget for the School of Mines in 1975 was $7,182,800. New Mexico General Appropriation Act of 1975, Laws 1975 (1st s.s.), Ch. 17.

The Supreme Court of New Mexico has had occasion to consider the status of New Mexico schools such as the School of Mines with reference to their immunity from suit. In *Livingston v. Regents of New Mexico Col. of A. & M. A.*, 64 N.M. 306, 328 P.2d 78 (N.M.1958), a student brought a personal injury action against the board alleging negligence. The board carried liability insurance.[2] It was held that the action against the board of regents was one against the state and that the rule of governmental immunity was applicable, regardless of the liability insurance. That case followed *Eyring v. Board of Regents*, 59 N.M. 3, 277 P.2d 550 (1954); *cf. Womack v. Regents of University of New Mexico*, 82 N.M. 460, 483 P.2d 934 (N.M.1971). It is clear that New Mexico considers its institutions of higher learning as state agencies and a state function.

There is a suggestion that the New Mexico statutory provision permitting actions against state institutions and recovery of judgments to the extent of liability insurance carried by the institution is a waiver of the Eleventh Amendment protection.

2. The New Mexico Statutes provide that there may be recovery for personal injuries due to the negligence of state employees to the extent of liability insurance coverage. N.M.S.A., §§ 5–6–18, 19, 20, 21 and 22, 1953 Comp. Since the injury in this case, the New Mexico Supreme Court has abolished the state immunity rule in negligence cases. *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975). The Legislature also adopted a Tort Claims Act, Laws 1976, Ch. 58, codified as N.M.S.A. §§ 5–14–1, et seq., which permits recovery against the state in negligence cases. It is significant that this act limits jurisdiction in such cases to state courts.

552

To constitute such a waiver it must be in clear language and may not be lightly inferred. *Edelman v. Jordan, supra; Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); *Hamilton Mfg. Co. v. Trustees of State Colleges in Colo., supra.* In the *Edelman* case, the Court stated:

. . . In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." . . . (415 U.S. at 673, 94 S.Ct. at 1360)

It is also established that a waiver of immunity for state suit purposes does not waive the rights of the Eleventh Amendment. *Edelman v. Jordan, supra*, 415 at 677, Note 19; *Petty v. Tennessee-Missouri Bridge Comm'n, supra* ; *Brennan v. University of Kansas, supra* ; *Wright v. Douglas,* Unpublished, No. 76–1419 (10th Cir.), decided August 29, 1977.

We find no indication that New Mexico has waived the immunity from suits under the Eleventh Amendment.

AFFIRMED.