**David P. ARROW et al.,
Plaintiffs-Appellants,**

v.

**James L. DOW et al.,
Defendants-Appellees.**

No. 79–1307.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 15, 1980.

Decided Dec. 23, 1980.

Opinion on Denial of Rehearing
Jan. 14, 1981.

Richard J. Rubin, Santa Fe, N. M. (Robert R. Rothstein and Ginsburg, Burnett & Rothstein, Santa Fe, N. M., with him on the briefs), for plaintiffs-appellants.

Mark B. Thompson, III, of Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N. M. (Kenneth L. Harrigan of Modrall, Sperling, Roehl, Harris & Sisk and Bruce D. Hall of Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, N. M., with him on the brief), for defendants-appellees.

Before McWILLIAMS, BREITENSTEIN and McKAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This action seeks relief for claimed deprivation of civil rights in violation of 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1343(a)(3) and (4). The trial court held that it should abstain from hearing the dispute and sustained a motion to dismiss. We affirm in part and reverse in part.

The plaintiffs-appellants are lawyers and members of the integrated State Bar of New Mexico. The defendants-appellees are the President and the members of the Board of Bar Commissioners, State Bar of New Mexico (the Board). The Supreme Court of New Mexico created the Board and adopted governing rules. All lawyers are required to be members of the State Bar and to pay an annual license fee, which ranges from $35 to $100 depending on the number of years of practice.

The complaint alleges that the Board hired a legislative lobbyist who entered the political arena to influence members of the State Legislature on issues of public policy. The charge is that: "Said actions are of an economic and political nature of which Plaintiffs do not approve, in which they

have no voice, and which are not legitimate functions of an integrated bar." The complaint further alleges that the "actions in combination with the coerced nature of the association have forced Plaintiffs into adopting and supporting an ideological conformity with which they disagree." The nature and extent of disagreement are not revealed.

The complaint sought declaratory, injunctive, and monetary relief. Defendants moved to dismiss on the grounds that the court lacked subject-matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted. The court denied plaintiffs' application for a preliminary injunction. Relying on *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424, the court held that it should abstain and dismissed the complaint.

■ The first question is whether we have an appealable order under 28 U.S.C. § 1291. On February 12, 1979, the court ordered the dismissal of the complaint. The plaintiffs moved for reconsideration, and on March 26, 1979, the court ordered that the complaint be dismissed without prejudice. The notice of appeal attacks the March 26 order. In the circumstances the notice of appeal was timely. The dismissal of the complaint rather than of the action does not affect appealability in the circumstances of this case. The district court showed by its actions that it intended to make a final disposition of the case. This is enough. See *Korgich v. Regents of New Mexico School of Mines*, 10 Cir., 582 F.2d 549, 550.

■ The complaint adequately alleges that the Board, acting under the color of state law, deprived plaintiffs of rights secured under the First, Fifth, and Fourteenth Amendments to the United States Constitution. The complaint attacks the administration of the rules governing all lawyers rather than action relating to a single lawyer. See *Doe v. Pringle*, 10 Cir., 550 F.2d 596, 597. Section 1291 confers subject matter jurisdiction. See *Younger v. Colorado State Board of Law Examiners*, 10 Cir., 625 F.2d 372, 376. The complaint is sufficient without charging the specific ac-

tivities or the specific ideologies to which plaintiffs object. See *Abood v. Detroit Board of Education*, 431 U.S. 209, 241, 97 S.Ct. 1782, 1802, 52 L.Ed.2d 261.

In creating the State Bar, the New Mexico Supreme Court said that it acted within the power vested in it by the State Constitution and its inherent power over members of the legal profession. It created, by its Rule 1(a), the Board of Bar Commissioners for stated purposes which include:

"* * * to take such affirmative action as may be necessary to aid in the analysis and solution of societal problems which are or may be affected with legal or other implications of concern to lawyers as citizens dedicated to the preservation of the rule of law, and to participate in the legislative, executive and judicial processes by informing its membership about issues affecting the legal system and relating to the purposes of the State Bar, and upon approval by the Board of Bar Commissioners, to take such further action as may be necessary to present the views of the Bar Commission to the appropriate court, executive office or legislative body for consideration; * * *."

The uncontested affidavit of the then President-elect of the Board says that the lobbyist was retained "to aid the State Bar in fulfilling its duty to evaluate proposed legislation which vitally affects the public interest in areas in which lawyers are peculiarly qualified, ... to present the views of the State Bar to the legislature ... and to provide research and technical services to the legislature ...." The affidavit further says that the lobbyist is not authorized "to lobby on issues of economic, social and political policy unrelated to the legitimate functions of an integrated Bar."

Because the complaint does not specify the activities or ideologies which the plaintiffs attack, we have before us only the general questions of the validity of the Rule and of the retention of the lobbyist. We doubt whether these questions are certifiable to the Supreme Court of New Mexico under the provisions of § 34-2-8, N.M.S.A.

1978, and accordingly do not make the required certification. Our concern is with the interpretation and application of a judicial rule which may be construed to avoid any federal constitutional question. In the first instance the construction and application of the Rule should be by the New Mexico Supreme Court which promulgated the Rule.

■ The problem is whether the federal trial court correctly abstained. Abstention is a doctrine of exception to the exercise of federal jurisdiction. It is a judge-made exception which applies only when it serves "an important countervailing interest." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, citing *County of Allegheny v. Mashuda Co.*, 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1062–1063, 3 L.Ed.2d 1163.

In holding that it should abstain, the district court relied heavily on *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. Burford was a diversity case to enjoin enforcement of an administrative order of a state commission relating to the drilling of oil wells. In sustaining abstention the Court noted that the state had established its own elaborate review system and that lower federal court action would have an impermissibly disruptive effect on state policy. Id. at 333–334, 63 S.Ct. at 1107. The instant case is different. The only review procedure which New Mexico provides is application to the State Supreme Court for a writ of mandamus. See N.M. Const. Art. VI, § 3 and N.M.S.A. §§ 44–2–3 and 44–2–4. Conflict with state policy is conjectural. Burford is not controlling.

Colorado Water Conservation District reviews the Supreme Court decisions on abstention. 424 U.S. at 813–817, 96 S.Ct. at 1244–1246. Three categories of circumstances appropriate for abstention are recognized:

(1) Cases presenting a "constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Id. at 814, 96 S.Ct. at 1244, quoting *County of*

*Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163. The plaintiffs assert generally constitutional issues which may or may not exist after the New Mexico Supreme Court has construed and applied its own Rule.

(2) Cases presenting difficult state policy problems "whose importance transcends the result in the case then at bar." Id. at 814, 96 S.Ct. at 1244. In the instant case state law is unsettled and federal impairment of state policy is a matter of surmise.

(3) Cases restraining state criminal proceedings which do not involve "bad faith, harassment, or a patently invalid state statute." Id. at 816, 96 S.Ct. at 1245. We are not concerned with any criminal proceedings.

■ Implicit in the plaintiffs' position is the claim that the Board has exceeded the authority granted to it by the New Mexico Supreme Court. Federal courts should not interfere with a state policy which "rationally furthers some legitimate, articulated state purpose." *Younger v. Colorado State Board of Law Examiners*, 10 Cir., 625 F.2d 372, 377. Our attention is called to no action of the New Mexico Supreme Court construing or applying its Rule 1(a). That court should determine the validity of the Rule and of the retention of the lobbyist paid by Board funds derived from members' fees. Affirmative answers will require consideration of the lobbying activities to which the plaintiffs object. Abstention to await the answers of the state court is desirable and proper under category (1) of the Colorado Water Conservation District decision, supra.

■ Plaintiffs argue that abstention is proper only in equity cases and here they seek legal relief, monetary damages, as well as equitable relief. In 1979 the projected dues from Bar members were $210,330 and the budget for the lobbyist was $10,000. For those lawyers paying a fee of $35.00 annually, approximately $1.66 was budgeted for the lobbyist. For those paying $100 the amount was $4.75. Abstention may not be avoided by a claim for incidental monetary damages.

■ The district court dismissed without prejudice. The Board says that the action was proper because the plaintiffs' remedy is to seek United States Supreme Court review of a state supreme court decision. We disagree. A party remitted to state court by an abstention order of a federal court has the right to return to the federal district court, for determination of his federal constitutional claims, after the authoritative state ruling has been obtained. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415–417, 84 S.Ct. 461, 464–465, 11 L.Ed.2d 440.

■ The district court did not abuse its discretion in ordering abstention. It was wrong in dismissing the action. The case is remanded with directions to vacate the dismissal of the action and to hold the case in abeyance for a reasonable time to permit the state court to rule on the issues presented. If no state court decision is made within a reasonable time, the district court should proceed with the trial and disposition of this case. Each party shall bear his own costs in this appeal.

## ON REHEARING

PER CURIAM.

The requirement that each party bears his own costs on this appeal applies only to those costs covered by Rule 39, F.R.A.P. The right to attorneys' fees under 42 U.S.C. § 1988 is for determination after the resolution of the case on its merits.