**BOARD OF COUNTY COMMISSION-
ERS OF DOUGLAS COUNTY,
KANSAS, et al., Plaintiffs,**

v.

**Mike HAYDEN, Governor, et
al., Defendants.**

**Civ. A. No. 88–4284–O.**

United States District Court,
D. Kansas.

June 5, 1989.

Robert W. Fairchild and Patricia R. Hackney, Riling, Burkhead, Fairchild, & Nitcher, Chtd., Lawrence, Kan., for plaintiffs.

Mark W. Stafford, Asst. Atty. Gen., Robert T. Stephan, Atty. Gen., and Daniel P. Kolditz, Asst. Atty. Gen., Topeka, Kan., for defendants.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of the defendants for the court to abstain from further proceedings in this case. The defendants assert that abstention is proper under the *Burford* doctrine, the *Colorado River* doctrine, and/or the

*Pullman* doctrine. For the reasons that follow, we grant the motion.

The pertinent facts are as follows: In 1988, the Office of the Kansas Secretary of State conducted a state census which resulted in the reapportionment of voting districts. The instant case against certain state officials was brought by various boards of county commissioners and seventeen (17) individual plaintiffs, alleging that (1) the census is not accurate, (2) the statutes under which the census was conducted, *see* K.S.A. 11–204 et seq., are unconstitutional on their face and as applied, and (3) the amendment to the state constitution dealing with the census, originally 1988 House Concurrent Resolution No. 5043, is unconstitutional. The plaintiffs contemporaneously filed a similar complaint in state court.

The defendants urge the court to abstain for three alternative reasons: First, there are two comprehensive state schemes to determine the validity of the reapportionment statutes and the census itself; in other words, the court should abstain under the *Burford* doctrine. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Second, exceptional circumstances merit abstention; in other words, the court should abstain under the *Colorado River* doctrine. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Third, unsettled issues of state law may make unnecessary the determination of federal constitutional issues; in other words, the court should abstain under the *Pullman* doctrine. *See Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

## I. *Burford Abstention.*

Generally, the court should exercise the jurisdiction which it is granted; however, in certain, exceptional circumstances, abstention is appropriate. *See Arrow v. Dow,* 636 F.2d 287, 290 (10th Cir.1980) (citing *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244). One instance when abstention is warranted is "where there have been

presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River,* 424 U.S. at 814, 96 S.Ct. at 1244 (describing different categories of abstention). Abstention in such circumstances has come to be known as *"Burford* abstention." *Burford* was a diversity case to enjoin the enforcement of a state administrative order regarding the drilling of oil wells. The Supreme Court held that abstention was proper because the state had established its own elaborate review system to deal with the complexity of oil field regulation, and review of claims arising under this system by lower federal courts would have an impermissibly disruptive effect on state policy for management of oil fields. *Burford,* 319 U.S. at 333–334, 63 S.Ct. at 1107; *see also Colorado River,* 424 U.S. at 814–15, 96 S.Ct. at 1244–45 (explaining *Burford* ).

The Tenth Circuit has upheld *Burford* abstention by a district court in a case involving the propriety of the Kansas Corporation Commission's denial of a location exception to drill an oil well near the boundary line of real property. *See Robert–Gay Energy Enterprises, Inc. v. State Corporation Commission,* 753 F.2d 857 (10th Cir.1985). The *Robert–Gay* court noted that "Kansas has 'established its own elaborate review system for dealing with the geological complexities of oil and gas fields,' " *id.* at 860 (quoting *Colorado River,* 424 U.S. at 815, 96 S.Ct. at 1245 (explaining *Burford* )), and that "Kansas statutes provide for adequate state court review of orders of the State Corporation Commission...." *Id.* at 861.

The circuit rejected *Burford* abstention in a case regarding a state bar commission's lobbying actions which allegedly deprived the plaintiff/lawyers of constitutional rights. *See Arrow v. Dow,* 636 F.2d 287 (10th Cir.1980). The *Arrow* court noted that (1) state law regarding the propriety of the bar commission's actions was unsettled, making federal impairment of state policy a matter of surmise, and (2) the actions could only be reviewed by application to the state supreme court for a writ

of mandamus. *Id.* Thus, *Burford* was not controlling.

■ The instant action does not involve a highly technical and complicated subject dealt with in a complex regulatory or statutory scheme. *Compare Burford*, 319 U.S. 315, 63 S.Ct. 1098 (dealing with oil field regulation); *Robert–Gay*, 753 F.2d 857 (same). Rather, the Kansas Constitution simply requires the legislature to reapportion voting districts at regular intervals. *See* Kan. Const. art. 10, § 1. However, the constitution does provide for automatic review of the legislature's reapportionment by the Kansas Supreme Court. Nonetheless, we do not believe that *Burford* abstention is proper in this case. The supreme court's review must occur within forty-five (45) days of the reapportionment, there is no process provided for discovery, and the proceeding before the court is not adversarial. *See id.; In re House Bill No. 2620*, 225 Kan. 827, 828, 595 P.2d 334, 337 (1979). Moreover, the supreme court reviews the reapportionment not in light of a complicated state regulatory or statutory scheme, but in light of the concept of equal protection embodied in the Fourteenth Amendment to the United States Constitution. *See House Bill No. 2620*, 225 Kan. at 830, 595 P.2d at 338. Given this, we decline to abstain under *Burford* from further proceedings in this case.

## II. *Colorado River Abstention.*

The defendants alternatively assert that the court should abstain under the doctrine of *Colorado River. Colorado River* abstention is intended to avoid duplicative litigation; under it, a federal court may abstain when exceptional circumstances exist. *See Colorado River*, 424 U.S. 800, 96 S.Ct. 1236. Factors which the court should consider in determining whether exceptional circumstances exist include the order in which the state and federal courts obtained jurisdiction, the convenience of the federal forum, and the desirability of avoiding piecemeal litigation. *Id.* at 818, 96 S.Ct. at 1246. "Only the clearest of justifications will warrant dismissal." *Id.* at 819, 96 S.Ct. at 1247.

■ Abstention under *Colorado River* is not appropriate in this case. The state and federal complaints were filed at essentially the same time; thus, the state action has no "head-start" on the federal action. Both complaints were filed in the eastern part of Kansas, the state complaint in Topeka, the federal complaint in Kansas City. The federal forum is therefore reasonably convenient to the parties. Finally, although the state complaint includes one state law cause of action not included in the federal complaint, the possibility of piecemeal litigation resulting from this fact is not an "exceptional circumstance" warranting abstention under *Colorado River.*

## III. *Pullman Abstention.*

Finally, the defendants urge the court to abstain under *Pullman.* Under the doctrine of *Pullman* abstention, a court should abstain in a case presenting a federal constitutional issue which may be mooted by a state court's determination of an unsettled issue involving state law. *See Colorado River*, 424 U.S. at 814, 96 S.Ct. at 1244 (explaining *Pullman* abstention). If an issue of state law is unambiguous or has been authoritatively construed, or if the determination of the state law issue is not fairly susceptible to an interpretation which would render unnecessary the determination of the constitutional issue, the court should not abstain. *See O'Hair v. White*, 675 F.2d 680, 693 (5th Cir.1982). Further, *Pullman* abstention does not apply if a statute is challenged only as being unconstitutional on its face. *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984).

■ In the instant action, we believe that *Pullman* abstention is warranted. A similar action is currently pending in state court. That case states causes of action for (1) violations of the Fourteenth Amendment to the United States Constitution, (2) violations of the Twenty-sixth Amendment to the United States Constitution, (3) violations of the Kansas Judicial Review Act, and (4) violations of Article 2, Section 17 of the Kansas Constitution. The court obvi-

ously should not abstain on the basis of the first two counts, as their resolution requires, rather than avoids, examination of federal constitutional issues. In the fourth count, the plaintiffs apparently challenge K.S.A. 11–204 et seq., the provisions under which the census was conducted, as unconstitutional legislation of a general nature which does not operate with geographic uniformity throughout the state. *See Ullrich v. Board of Thomas County Commissioners*, 234 Kan. 782, 786–87, 676 P.2d 127, 131 (1984). Kansas courts have not specifically addressed this issue, and if the provisions are found to be in violation of the Kansas Constitution, the plaintiffs' federal constitutional causes of action would not need to be resolved. However, reapportionment has a lengthy history in Kansas, and we find it unlikely that the Kansas courts would rule that reapportionment statutes are unconstitutional because of their variable impact throughout the state. Thus, we come to count 3 of the plaintiffs' state court complaint, which challenges the manner in which state officials conducted the census. Essentially, the plaintiffs assert that the officials failed to follow the procedures set forth in K.S.A. 11–204 et seq. If the census was wrongly conducted under state law, the determination of federal constitutional issues may be avoided. The court is in no position to comment extensively on the merits of this claim. However, we note that it is a state law question which "is fairly susceptible of an interpretation that might avoid or substantially modify the federal constitutional question[s]." *O'Hair*, 675 F.2d at 693. Thus, based on the plaintiffs' state court challenge to the manner in which the census was conducted, abstention under *Pullman* is appropriate. We will therefore stay this case pending the outcome of the plaintiffs' state court action. *See Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715, 717–18 (7th Cir.1982) (when abstention is justified, an action should be stayed rather than dismissed).

IT IS THEREFORE ORDERED that the defendants' motion for the court to abstain from further proceedings is granted. This action is therefore stayed pending resolution of the action pending in Kansas state court.