FILED
United States Court of Appeals
Tenth Circuit

**July 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANICE L. SCHRADER,

Plaintiff - Appellant,

v.

ROBERT F. TURNER; EDWARD P.
APODACA; RAMONA BARBA,

Defendants - Appellees.

No. 09-2027

(D. New Mexico)

(D.C. No. 1:08-CV-01081-BB-KBM)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Janice L. Schrader appeals the district court's dismissal

of the civil rights complaint she brought pursuant to 42 U.S.C. § 1983. In the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

complaint, Schrader alleged her Fourteenth Amendment due process rights were violated by Defendants: a New Mexico attorney, the attorney's legal assistant, and a New Mexico process server. All three individuals were involved in the representation of a plaintiff who filed a civil suit against Schrader in New Mexico state court. The district court dismissed Schrader's complaint *sua sponte*, concluding Defendants are not state actors subject to suit under § 1983. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." (quotation omitted)); *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (holding district court may dismiss *sua sponte* a *pro se* complaint for failure to state a claim when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (quotation and citations omitted)); 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6).

In her appellate brief, Schrader argues Defendants conspired with each other to deprive her of her federal due process rights. Schrader's complaint, however, does not assert a 42 U.S.C. § 1985 conspiracy claim and this court does not consider arguments made for the first time on appeal. *Hill v. Kan. Gas Serv. Co.*, 323 F.3d 585, 866 (10th Cir. 2003). In any event, Schrader's conspiracy theory fails because she has not identified a state actor involved in the alleged

conspiracy. She simply argues Defendants, all private individuals, conspired with each other. Thus, her new allegations are still insufficient to state a claim under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.").

After reviewing the record, the appellate briefs, and the applicable law, we **affirm** the dismissal of Schrader's complaint for substantially the reasons stated by the district court in its Order dated January 5, 2009. Schrader's motion for oral argument is **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge