**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JANICE L. SCHRADER,

        Plaintiff–Appellant,

v.

STATE OF NEW MEXICO; PRISCILLA
PENA, in her official capacity and
individually; SARA JASSO, in her
official capacity and individually;
DEBBIE ALMANZA, in her official
capacity and individually; HILDA
GIRON, in her official capacity and
individually,

        Defendants–Appellees.

No. 09-2184
(D.C. No. 1:08-CV-01173-WJ-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Janice Schrader, proceeding pro se, appeals the dismissal of her 42 U.S.C. § 1983

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

action.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On September 11, 2007, Gilbert Allen filed suit against Schrader in New Mexico state court.  A county magistrate judge scheduled a hearing on the matter for September 25, 2007.  With the assistance of his clerk, Priscilla Pena, the judge issued a summons and notice of trial.  However, Schrader was not served with these documents until September 28, 2007, three days after the hearing.  When Schrader failed to appear in court, the magistrate judge entered a default judgment against her.  Sara Jasso, a court clerk, filed the judgment.  Six days after the judgment was entered, Schrader filed a motion to set it aside.  Later that same day, the magistrate judge set a hearing on Schrader's motion for October 15, 2007.[1]

Apparently unaware that her time to appeal was tolled while the magistrate judge considered her motion to set aside, Schrader filed a notice of appeal in state district court on October 5, 2007.  Her appeal stripped the magistrate court of jurisdiction and placed the case in New Mexico district court, where defendants Debbie Almanza and Hilda Giron worked.  A series of state appeals followed, ultimately resulting in a remand of the case to the magistrate court.

Schrader then filed a complaint pursuant to 42 U.S.C. § 1983 seeking

---

[1] Schrader was also given a "civil worksheet" with a handwritten notation stating: "Squashed Restitution – Sheriff's Department notified by Judge."

compensatory and punitive damages in excess of $4.5 million. She sued Pena, Jasso, Almanza, and Giron in their individual and official capacities as clerical workers for the New Mexico state courts, alleging they violated her constitutional and civil rights by mishandling the lawsuit against her. Schrader also sued the state of New Mexico for failing to "adequately supervise and monitor" its court employees. Defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) and (6).

The district court dismissed for lack of subject matter jurisdiction, holding that Schrader lacked standing to sue. Alternatively, it held that New Mexico enjoyed sovereign immunity and that the individual defendants were protected under the doctrine of quasi-judicial immunity. Schrader timely appealed.

## II

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007). We accept as true all well-pled factual allegations in Schrader's complaint and view those allegations in the light most favorable to her. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Schrader appears pro se, we review her pleadings "liberally and hold them to a less stringent standard than those drafted by attorneys." Trackwell, 472 F.3d at 1243.

We conclude that the district court's dismissal of Schrader's suit for lack of standing was in error. The court found that Schrader had not been injured because the default judgment entered against her was invalid. However, due to a series of mishaps

- 3 -

involving the defendants and others, Schrader paid over $100 in filing fees. Pecuniary injury is sufficient to confer standing, see Nova Health Sys. v. Gandy, 416 F.3d 1149, 1155 (10th Cir. 2005), and the district court erred by not taking these fees into account. This error was harmless, however, because the court alternatively and correctly dismissed on immunity grounds. See Lambertsen v. Utah Dep't of Corr., 79 F.3d 1024, 1029 (10th Cir. 1996).

We agree with the district court that New Mexico was immune from suit under the Eleventh Amendment. That amendment bars a suit for damages against a state unless Congress abrogates the state's sovereign immunity or the state consents to suit. Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002). In enacting § 1983, Congress did not abrogate New Mexico's sovereign immunity, id., and there is no indication in the record that New Mexico consented to suit. Because the defense of sovereign immunity is "jurisdictional in nature," Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002), the district court correctly concluded that it lacked subject matter jurisdiction over Schrader's claim against the state of New Mexico.

The district court also properly ruled that the individual defendants in this case are protected from suit under the doctrine of quasi-judicial immunity. This doctrine affords judicial officers the same absolute immunity enjoyed by judges when a claim is based on the performance of a judicial act or duties that have an "integral relationship with the judicial process." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000). Schrader's allegations against the individual defendants concern duties that have an

integral relationship with the judicial process.[2]  Thus, quasi-judicial immunity protects

them from suit.

## III

    The judgment of the district court is **AFFIRMED**.


                      Entered for the Court


                      Carlos F. Lucero
                      Circuit Judge

---

    [2] For the first time on appeal, Schrader contends that the individual defendants violated policies contained in the New Mexico Magistrate Court Manual for Judges and Clerks.  This argument was not made before the district court, and we will not consider it on appeal.  See In Re Walker, 959 F.2d 894, 896 (10th Cir. 1992).