FILED
United States Court of Appeals
Tenth Circuit

**January 31, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANICE L. SCHRADER,

     Plaintiff-Appellant,

v.

WILLIAM RICHARDSON, a/k/a Bill
Richardson; ARTHUR PEPIN; KAREN
JANES; SARA JASSO; PRISCILLA
PENA; HILDA GIRON; DEBBIE
ALMANZA, individually and in their
official capacities; STATE OF NEW
MEXICO - New Mexico Administrative
Office of the Courts,

     Defendants-Appellees.

No. 11-2191

(D.C. No. 2: CIV-10-01219-JB-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Janice L. Schrader, a pro se litigant, appeals the district court's grant of summary judgment against her on claims she brought pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. Schrader also seeks leave to proceed in forma pauperis ("IFP"). We have jurisdiction under 28 U.S.C. § 1291, and we deny her request to proceed IFP and affirm the district court's decision.

I.

This is Schrader's third appeal to this court, all arising out of a default judgment entered against her in 2007 in Luna County, New Mexico. ROA at 175. In that case, Schrader's landlord brought a claim for back rent against Schrader, but failed to serve the necessary notice and summons. Id. The magistrate court, apparently unaware that Schrader did not receive the notice and summons, entered a default judgment against Schrader when she failed to attend a scheduled hearing. Id. Schrader filed a motion to set aside the default judgment, but before the hearing on her motion, she appealed the default judgment to the New Mexico District Court, thereby stripping the magistrate court of jurisdiction to consider her motion. Id. at 176. The district court, mistakenly believing that the default judgment had been set aside, dismissed the appeal and remanded the case to the magistrate court. Id. Schrader appealed the district court's ruling to the New Mexico Court of Appeals, the New Mexico Supreme Court, and the United States Supreme Court to no avail. Id.; see Schrader v. Allen, 555 U.S. 869 (2008) (denying certiorari). The magistrate court has not to date addressed Schrader's motion to set aside the judgment. ROA at 178.

After the United States Supreme Court denied Schrader's petition for a writ of certiorari, Schrader began a series of federal suits under 42 U.S.C. § 1983, first against her landlord's attorney and process server, Schrader v. Turner, 338 F. App'x 761 (10th Cir. 2009) (unpublished) [hereinafter Schrader I] and then against the State of New Mexico and assorted state and state court employees. Schrader v. New Mexico, 361 F. App'x 971 (10th Cir. 2010) (unpublished) [hereinafter Schrader II]. Her first suit failed because the defendants were not state actors, Schrader I, 338 F. App'x at 762, and the second failed because the state was protected from suit under Eleventh Amendment immunity and the individual defendants had quasi-judicial immunity. Schrader II, 361 F. App'x at 973.

In the present case, Schrader filed suit against the same defendants who were named in Schrader II (Sara Jasso, Priscilla Pena, Hilda Giron, Debbie Almanza, in their individual and official capacities, and the State of New Mexico Administrative Office of the Courts) and she added Richard "Bill" Richardson, former governor of New Mexico; Arthur Pepin, director of the New Mexico Administrative Office of the Courts; and Karen Janes, the division director of the New Mexico Magistrate Courts (together, Defendants). ROA at 178. Schrader, an African American woman, claims that racism motivated the entry of the default judgment, and has sued for damages under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 et seq.

The Defendants filed a motion to dismiss, which the district court converted to a motion for summary judgment and referred to a federal magistrate judge, who

recommended dismissal of Schrader's claims with prejudice as time-barred. ROA at 174–75, 182–83. The district court adopted the findings and recommendations, with one exception. Id. at 240. While the district court dismissed the individual capacity claims with prejudice, as recommended, it relied on Eleventh Amendment immunity to dismiss the official capacity claims without prejudice, in keeping with our precedent in Korgich v. Regents of N.M. Sch. of Mines, 582 F.2d 549, 550 (10th Cir. 1978). ROA at 232, 240. Schrader has timely appealed.

II.

We review de novo the district court's determination that the complaint was barred by the statute of limitations and the Eleventh Amendment. Lang v. Aetna Life Ins. Co., 196 F.3d 1102, 1104 (10th Cir. 1999); Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1253 (10th Cir. 2007).

We must address Eleventh Amendment immunity before addressing the statute of limitations because it is "jurisdictional in nature." Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002). We analyzed Schrader's similar § 1983 claims in Schrader II:

> We agree with the district court that New Mexico was immune from suit under the Eleventh Amendment. That amendment bars a suit for damages against a state unless Congress abrogates the state's sovereign immunity or the state consents to suit. In enacting § 1983, Congress did not abrogate New Mexico's sovereign immunity, and there is no indication in the record that New Mexico consented to suit. Because the defense of sovereign immunity is jurisdictional in nature, the district court correctly concluded that it lacked

- 4 -

> subject matter jurisdiction over Schrader's claim against the state of New Mexico.

361 F. App'x at 973 (internal citations and quotations omitted). The same analysis applies to bar Schrader's current § 1983 claims against the State of New Mexico Administrative Office of the Courts and former Governor Bill Richardson, in his official capacity. Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.").

We next turn to the district court's statute-of-limitations ruling. After thoroughly reviewing Schrader's brief and the record on appeal, we conclude that the district court did not err in dismissing Schrader's complaint on these grounds. As the district court correctly concluded, the statute of limitations for a § 1983 claim in New Mexico is three years. Wilson v. Garcia, 471 U.S. 261, 280 (1985) (holding that the statute of limitations in § 1983 claims is governed by state law, and that New Mexico allows only three years for the filing of claims) (superseded by statute on other grounds). Schrader argues her injury resulting from entry of the default judgment did not become actionable until November 2010, when she fully understood the financial impact of the default judgment against her. Aplt. Br. at 9. Her view of the law regarding the accrual of a claim is mistaken. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present

cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (internal citations, brackets, and quotations omitted). "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994).

Similarly, the New Mexico Tort Claims Act requires potential plaintiffs to commence an action "within two years after the date of occurrence resulting in loss." N.M. Stat. Ann. § 41-4-15(A). "[A] cause of action brought under [the New Mexico Tort Claims Act] will accrue regardless of whether or not the plaintiff is aware of the full extent of his or her injury." Maestas v. Zager, 152 P.3d 141, 147 (N.M. 2007). "Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of limitations begins to run." Id. at 148. "It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run." Id.

Schrader's cause of action accrued no later than October 1, 2007, when she indicated she was aware of the judgment entered against her by entering a motion to set the judgment aside. ROA at 95, 235. Schrader initiated this suit by filing her complaint on December 20, 2010, more than three years after her cause of action accrued; her delay in filing places her firmly outside of the statute of limitations for a claim under either § 1983 or the New Mexico Tort Claims Act.

## III.

We therefore AFFIRM the dismissal of Schrader's complaint for substantially the same reasons stated by the district court. Schrader's motion to proceed on appeal IFP is

DENIED because she has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Mary Beck Briscoe
Chief Judge